IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL BROWN,

        Petitioner,

vs.                               Case No. 17-cv-0729-DRH

WARDEN, FCI GREENVILLE,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender pursuant to USSG § 4B1.1. (Doc.1, p. 3); *United States v. Brown*, No. 3:14-cr-30082-DRH (S.D. Ill.) ("criminal case"). The Petition was filed on July 12, 2017. (Doc. 1).

Petitioner was sentenced to 151 months' imprisonment on November 14, 2014 after a guilty plea. (Criminal Case, Doc. 31). Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 seeking collateral review of his sentence on November 6, 2015. *Brown v. United States*, 15-cv-1232-DRH ("2255 Petition"). Petitioner's § 2255 Motion was based on *Johnson v. United States*, 135 S.Ct. 2551 (2015); his original pro-se Petition also referenced *Begay v. United States*, 553 U.S. 137 (2008). (2255 Petition, Doc. 1, Doc, 14).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts

1

provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner argues that one of the crimes which was used to enhance his sentence as a career offender—aggravated fleeing or attempting to elude a police officer—is no longer considered a crime of violence after *Begay v. United States*, 553 U.S. 137 (2008). (Doc. 1, p. 2). He also argues that he could not have presented this argument in his first petition because of "facts that occurred prior to and after the imposition of his sentence." (Doc. 1, p. 3). He also alleges that there was a change in the law after his § 2255 motion, and that he could not have presented his *Begay* argument in that motion. *Id.* Petitioner states that he has not yet had a full and fair hearing on this issue. *Id.* Finally, Petitioner argues that he has received a punishment that the law cannot impose and that the imposition of such a sentence has resulted in the miscarriage of justice. *Id.*

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir.

2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, he has alleged that he has already filed a motion pursuant to § 2255, and that remedy is no longer available to him without leave of the appellate court.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Petitioner argues that he has triggered the Savings Clause, but the only case that his Petition mentions is *Begay v. United States*, 553 U.S. 137 (2008). That case was available to Petitioner to raise in his § 2255 motion—Petitioner filed that motion 7 years after the *Begay* decision was issued. In fact, Petitioner actually raised *Begay* in his § 2255 motion. (2255 Petition, Doc. 1, p. 3). Petitioner's arguments to the contrary are entirely conclusory; Petitioner has provided no explanation why he believes that a case that came out in 2008 created a change of law between November 2015 and the present. If Petitioner believes that his § 2255 proceeding was wrongly decided, his options were to either appeal to the Seventh Circuit or seek leave to file a successive § 2255 motion, but the unfavorable termination of a proceeding does not mean that an argument raised in that proceeding was not "invoked" for the purposes of the Savings Clause. Petitioner could and did raise *Begay* in his § 2255 proceeding; therefore he was accorded a reasonable opportunity to obtain earlier judicial correction. The Savings Clause does not apply.

Additionally, Petitioner's argument that *Begay* means that his conviction for the Illinois crime of aggravated fleeing or attempting to elude a police officer cannot qualify as a "violent felony" is foreclosed by *Welch v. United States*, 604 F.3d 408, 425 (7th Cir. 2010) ("[W]e hold that the district court correctly considered the defendant's conviction for aggravated vehicular fleeing a violent felony for the purposes of the ACCA."). Although the *Welch* court was analyzing the Armed Career Criminal Act, the language between that Act and the career

offender sentencing guidelines is nearly identical. *See United States v. Woods*, 576 F.3d 400, 403-04 (7th Cir. 2009) (identical language between 4B1.1 and the ACCA justifies applying analysis of one to the other). The *Welch* court also specifically analyzed the question of whether *Begay* required aggravated vehicular fleeing be classified as a non-violent crime and found that it did not. 604 F.3d at 418-425. Even if Petitioner had successfully invoked the savings clause, which he did not, his argument fails on the merits. Accordingly, the Court will dismiss this case with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); Sloan v. Lesza, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 16, 2017**

Judge Herndon
2017.08.16
10:49:42 -05'00'

**United States District Judge**